**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KARI FISHER, et al.,<br>*Plaintiffs*,<br>v.<br>PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, et al.,<br>*Defendants*. | Case No. 25-cv-716-ABA |

## MEMORANDUM OPINION

Plaintiffs, K.F. and her mother Kari Fisher, have brought numerous actions against Defendants in connection with K.F.'s educational benefits. In the instant case, Plaintiffs challenge a ruling by the Maryland Office of Administrative Hearings ("OAH") that dismissed their complaint for benefits under the Individuals with Disabilities in Education Act ("IDEA") because it duplicated another complaint they had already brought. The parties have both moved for summary judgment on the administrative record. Defendants are entitled to summary judgment for the following reasons.

## I. BACKGROUND[1]

The IDEA entitles children with disabilities to a free, appropriate public education ("FAPE"). 20 U.S.C. § 1412(a)(1). Where a student is entitled to "special education and related services," *id.* § 1401(9) (defining a FAPE), the IDEA requires that a school district provide "specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability," *id.* § 1401(29), as well as "the support

[1] Statements of fact in this section rely upon the ALJs' findings of fact, which the Court accepts as true for the reasons explained below. *See Doyle v. Arlington Cnty. Sch. Bd.*, 953 F.2d 100, 105 (4th Cir. 1991) (holding that an ALJ's "regularly made" factual findings should be "considered *prima facie* correct"); § III, *infra* (determining that the ALJ's factual findings here were regularly made).

services 'required to assist a child . . . to benefit from' that instruction." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 390 (2017) (quoting 20 U.S.C. § 1401(26)). A state must provide a qualifying child with a FAPE if that state receives federal funds for special education. *See G.M. by E.P. v. Barnes*, 114 F.4th 323, 329 (4th Cir. 2024). Maryland is such a state. Md. Code, Educ. § 8-403 (2024).

When Maryland parents disagree with an aspect of a school's provision of educational services to their child, they may file a due process complaint with the OAH and receive a hearing. *See* 20 U.S.C. § 1415; Md. Code, Educ. § 8-413; Md. Code Regs. 13A.05.01.15(C). "Once those state procedures are exhausted, the IDEA authorizes any party aggrieved by the hearing officer's determination to file a civil suit in federal court." *G.M.*, 114 F.4th at 330 (citing 20 U.S.C. § 1415(i)(2)(A)); *accord* Md. Code Regs. 13A.05.01.15(C)(20) ("A party aggrieved by the findings and decision of a due process hearing may bring a civil action in State or federal court."); Md. Code, Educ. § 8-413(j).

Of relevance to this case, Plaintiffs have filed three due process complaints with the OAH, largely related to K.F.'s graduation (Plaintiffs believe she should not have graduated high school). First, in May 2022, Plaintiffs filed OAH Case No. 22-10884 (hereafter, "OAH Case 1"). ECF No. 40-2 at 5 ¶ 1; *see also* ECF No. 31 (due process complaint in OAH Case 1). A hearing was scheduled for August 30, 2022. ECF No. 40-2 at 1. But five days before the hearing, on August 25, 2022 Plaintiffs withdrew their complaint. *Id.*

Then, once the hearing had been canceled and only six days after withdrawing their complaint, Plaintiffs filed a second due process complaint on August 31. *Id.* That case was OAH Case No. 22-21157 ("OAH Case 2"). *Id.* at 1 n.4; 5 ¶ 3. This complaint was eventually litigated at a hearing before ALJ Daniel Andrews. ALJ Andrews issued a

decision dismissing that case. ECF No. 31-1. Plaintiffs challenged ALJ Andrews's decision in OAH Case 2 by bringing a federal case before this Court that raised a mix of both IDEA and non-IDEA claims. *See Fisher v. PGCPS Bd. of Educ.*, Case No. 23-cv-1693 (D. Md.) (hereinafter, the "1693 Case"). This Court ultimately remanded some of Plaintiffs' IDEA claims back to the OAH and granted Defendants summary judgment on the non-IDEA claims. *Fisher v. PGCPS Bd. of Educ.*, Case No. 23-cv-1693-ABA, 2025 WL 2418620, at *14 (D. Md. Aug. 21, 2025); *Fisher v. PGCPS Bd. of Educ.*, Case No. 23-cv-1693-ABA, 2026 WL 860594, at *5 (D. Md. Mar. 30, 2026).

In May 2024, after Plaintiffs had brought the 1693 Case but before this Court's decisions, Plaintiffs filed a *third* due process complaint with OAH: Case No. 24-14679 ("OAH Case 3"). ECF No. 31-6. OAH Case 3 was assigned to ALJ John D. Hart. In November 2024, ALJ Hart issued a summary decision dismissing OAH Case 3 as untimely in part and duplicative of OAH Case 2. ECF No. 40-2 at 5–16.[2]

Plaintiffs then brought the instant federal case to challenge ALJ Hart's dismissal. Plaintiffs noted explicitly in their complaint that "this matter is solely an appeal from" OAH Case 3. ECF No. 1 ¶ 2. This Court initially stayed this case while the 1693 Case was pending. ECF No. 25. After lifting the stay, the Court ordered the parties to provide the administrative record and entered a briefing schedule for cross-motions for summary judgment. ECF No. 29. Both parties have filed their summary judgment motions. ECF Nos. 40, 41.

[2] The OAH appears not to have provided ALJ Hart's decision in their compilation of the administrative record that they provided to the parties to file in this case. ECF No. 31. But Defendants attached the decision to their motion for summary judgment and Plaintiffs do not contest that this is the operative decision they intended to challenge. ECF No. 40-2.

## II. STANDARD OF REVIEW

A district court faced with a motion for summary judgment in an IDEA case "must make an independent assessment . . . based on a preponderance of the evidence, while still giving due weight to the state administrative proceeding." *S.A. v. Weast*, 898 F. Supp. 2d 869, 873 (D. Md. 2012) (citing *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982)). "Due weight" means that the ALJ's factual findings "must 'be considered prima facie correct'" so long as they are "regularly made." *J.P. ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., Va.*, 516 F.3d 254, 259 (4th Cir. 2008). An assessment of whether findings were regularly made "focuses on the '*process* through which the findings were made,' not the results of that process." *G.M.*, 114 F.4th at 334 (4th Cir. 2024) (quoting *Bouabid v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, 62 F.4th 851, 857 (4th Cir. 2023)). The procedure is acceptable, and the factual findings are entitled to deference, when the ALJ "employs a process that is not 'far from the accepted norm of a fact-finding process.'" *Id.* (quoting *J.P.*, 516 F.3d at 259).

Plaintiffs in IDEA cases "carry the burden of proof" by a preponderance of the evidence. *S.A.*, 898 F. Supp. at 874. "When assessing whether that burden has been met, [courts] are not entitled to 'substitute [their] own notions of sound educational policy for those of local school authorities.'" *G.M.*, 114 F.4th at 334 (quoting *Hartmann ex rel. Hartmann v. Loudoun Cnty. Bd. of Educ.*, 118 F.3d 996, 999 (4th Cir. 1997)). Courts must give "great deference to the views of the school system rather than [to] those of even the most well-meaning parent." *Id.* (quoting *A.B. ex rel. D.B. v. Lawson*, 354 F.3d 315, 328 (4th Cir. 2004)).

When, in an IDEA case, cross-motions for summary judgment are filed, the general standards of review for summary judgment motions also apply. The moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a moving party has made that showing, a court must consider the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Simply Wireless, Inc. v. T-Mobile US, Inc.*, 115 F.4th 266, 277 (4th Cir. 2024) (quotation omitted).

## III. DISCUSSION

First, ALJ Hart's factual findings were regularly made. The only relevant factual findings in ALJ Hart's summary decision related to the timing and contents of Plaintiffs' previous OAH Cases. ECF No. 40-2 at 1–5. It was appropriate for ALJ Hart to make these determinations at a preliminary stage on the papers, as a comparison between the filings in OAH Case 3 with OAH Case 2 and the 1693 Case was all that was necessary to determine that the due process complaint in OAH Case 3 was duplicative. The Court concludes that ALJ Hart's summary of the timing and contents was regularly made—and were correct, as the filings themselves show. *See* ECF No. 31-6 (due process complaint in OAH Case 3); ECF No. 31-1 (ALJ Andrews's decision in OAH Case 2).

The Court has reviewed the relevant filings and concurs with ALJ Hart's legal conclusions. Plaintiffs' OAH Case 3 complaint is largely duplicative of OAH Case 2. As ALJ Hart thoroughly explains, the complaints essentially challenge the same issue:

whether K.F. should have been allowed to graduate. ECF No. 40-2 at 13–16. But Plaintiffs already received a decision in OAH Case 2 and had challenged that decision in Case 1693 by the time they filed OAH Case 3. A plaintiff—including an IDEA plaintiff—may not bring a second action treading the same grounds as their pending first action. *See Powhatan Cnty. Sch. Bd. v. Skinger*, Case No. 24-cv-874, 2025 WL 2496396, at *13 (E.D. Va. Aug. 29, 2025) ("While filing a new due process complaint is permissible under the IDEA, the new complaint must be based on an '*issue separate* from [the issues alleged in] a due process complaint already filed.'") (quoting 20 U.S.C. § 1415(o) (alteration and emphasis in case), *aff'd sub nom. Powhatan Cnty. Sch. Bd. v. Lucas*, Case No. 25-2064, 2026 WL 2018744 (4th Cir. July 13, 2026); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006) ("When a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'") (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2nd Cir. 2000)), *aff'd*, 273 F. App'x 256 (4th Cir. 2008).

Further, as ALJ Hart correctly explains, many of Plaintiffs' claims related to were barred anyway by the two-year statute of limitations for due process complaints under the IDEA, because OAH Case 3 was filed in May 31 2024 and K.F. graduated on May 27, 2022. ECF No. 40-2 at 12–13; *see also* 34 C.F.R. § 300.507(a)(2) ("The due process complaint must allege a violation that occurred not more than two years before the date the parent . . . knew or should have known about the alleged action that forms the basis of the due process complaint[.]").

Finally, ALJ Hart is also correct that, to the extent Plaintiffs intended to challenge ALJ Andrews's or the PGCPS's allegedly improper actions in OAH Case 2, the

case in which to assert such a challenge was in the 1693 Case, where Plaintiffs were free to (and did) allege procedural errors. *See, e.g.*, 1693 Case, ECF No. 127 at 1 (contending that ALJ Andrews "compounded the [FAPE] violations by committing numerous additional violations of the IDEA and its Due Process of law protections").

## IV. CONCLUSION

For these reasons, Defendants are entitled to summary judgment. A separate order follows.

Date: September 3, 2026

/s/
Adam B. Abelson
United States District Judge